OPINION
{¶ 1} Rick G. Myers appeals from his conviction and sentence in the Clark County Court of Common Pleas on two counts of rape and one count of gross sexual imposition.
 {¶ 2} Myers' appellate counsel has filed an Anders brief, asserting an inability to find any appealable issues. In his brief, however, counsel has identified one arguable issue for appellate review. In particular, counsel asserts that the trial court erred by informing Myers that a prison term was mandatory for a rape conviction.
 {¶ 3} We notified Myers of the Anders filing, and he has responded with a pro se brief of his own. Therein, Myers advances three assignments of error. First, he argues that the trial court erred by sentencing him to an aggregate term of 12 years when the maximum sentence for his most serious offense was 10 years. Second, he alleges ineffective assistance of counsel based on trial counsel's (1) failure to object to the 12-year sentence and (2) failure to object to the trial court's statement that a prison term was mandatory for a rape conviction. Third, he contends that his guilty plea was invalid because the trial court failed to inform him that prison time was not mandatory for one of his rape convictions.
 {¶ 4} Upon review, we find each of the foregoing assignments of error to be unpersuasive. In his Anders brief, appellate counsel notes that a life sentence is mandatory under R.C. § 2907.02(B) when a defendant forcibly rapes a child under age 13. Given that Myers was not convicted of forcible rape of a child under age 13, counsel suggests that the trial court erred by stating that a prison term was mandatory for his rape conviction on count nine. This argument lacks merit. Although alife sentence was not mandatory, the trial court properly noted that aprison term for Myers' rape conviction on count nine was mandatory. See R.C. § 2929.13(F)(2). This is true regardless of whether force was used. Id.
 {¶ 5} With respect to Myers' first assignment of error, the trial court did not err in imposing a 12-year aggregate sentence. The record reflects that the trial court sentenced Myers in accordance with the terms of a plea agreement. The agreement provided for a five-year sentence on each of the two rape convictions and a two-year sentence on the gross sexual imposition conviction. The agreement also provided for the three sentences to be served consecutively.
 {¶ 6} Upon review, we see no error in the sentence imposed pursuant to the parties' agreement. Under Ohio law, a defendant may seek leave to appeal when consecutive sentences imposed exceed the maximum sentence for the most serious offense of which the defendant was convicted. See R.C. § 2953.08(C). In the present case, the maximum sentence for Myers' most serious offense, rape, is 10 years. Given that his aggregate sentence is 12 years, he is permitted to seek leave to appeal the consecutive sentences that he received.[1] That does not mean, however, that his consecutive sentences were erroneous merely because they exceeded 10 years. To the contrary, consecutive sentences for multiple convictions certainly may exceed the maximum sentence for the most serious offense. See, e.g., State v. Hacker (Aug. 21, 2001), Clark App. No. 2001-CA-12 (expressly rejecting "any suggestion that consecutive sentences may not exceed the maximum sentence allowable for the most serious offense of which a defendant is convicted"). Accordingly, we overrule his first assignment of error.
 {¶ 7} In his second assignment of error, Myers alleges ineffective assistance of counsel based on trial counsel's (1) failure to object to his aggregate 12-year sentence and (2) failure to object to the trial court's statement that a prison term was mandatory for the rape conviction on count nine. As explained in our disposition of Myers' first assignment of error, his 12-year aggregate sentence was not unlawful. Therefore, trial counsel did not provide ineffective assistance by failing to challenge it. Additionally, as we explained in our analysis of appellate counsel's Anders brief, a prison term is mandatory for a rape conviction. As a result, trial counsel did not provide ineffective assistance by failing to object to the trial court's statement to that effect, and we overrule Myers' second assignment of error.
 {¶ 8} In his third assignment of error, Myers contends that his guilty plea was invalid because the trial court failed to inform him that prison time was not mandatory for his rape conviction on count nine. As explained above, prison time is mandatory for a rape conviction. Consequently, we find no merit in Myers' argument that his guilty plea was involuntary, and we overrule his third assignment of error.
 {¶ 9} Finally, pursuant to our responsibilities under Anders, we have thoroughly reviewed the record in this case and we have found no arguable issue for appellate review. As noted above, the trial court correctly informed Myers that a prison term was mandatory for his rape conviction on count nine of the indictment. However, with respect to count one, the other rape charge to which Myers entered a guilty plea, the trial court merely informed him that a term of imprisonment was "presumed necessary." (Plea and Disposition Tr. at 8). In reality, a prison sentence was mandatory for both rape convictions.[2] See R.C. § 2929.13(F)(2). In any event, under the circumstances of the present case, any error in the trial court's remarks was harmless beyond a reasonable doubt. In reaching this conclusion, we make two observations. First, the trial court's mistake could only have worked to Myers' advantage. The trial court mistakenly thought that a prison sentence was presumed necessary, but not mandatory, for one of his two rape convictions. With respect to that conviction, the trial court then purported to exercise discretion that it did not truly have and found a prison sentence to be appropriate. If the trial court had recognized that a prison sentence was mandatory for the rape conviction on count one, the result would have been the same. Consequently, Myers was not prejudiced by the trial court's mistaken belief. Second, prior to Myers' pleas, he entered into a negotiated agreement whereby he agreed to plead guilty to two counts of rape and one count of gross sexual imposition in exchange for the government's dismissal of other counts and agreement to recommend consecutive sentences of five years for the two rape convictions and two years for the gross sexual imposition conviction. In light of this agreement, which provided for Myers to serve a term of imprisonment for both counts of rape, the trial court's misstatement that a term of imprisonment was only presumed necessary could not possibly have prejudiced him. Accordingly, we find the appeal taken by Myers to be "wholly frivolous". Anders v. California (1967), 386 U.S. 738.
 {¶ 10} We hereby affirm the judgment of the Clark County Court of Common Pleas.
 {¶ 11} Judgment affirmed.
WOLFF, P.J., and FAIN, J., concur.
[1] For present purposes, we construe Myers' assignment of error as a request for leave to appeal his consecutive sentences, and we hereby grant that request.
[2] The trial court appears to have believed that a term of imprisonment was mandatory on count nine, as the victim was under age 13, whereas a term of imprisonment was merely presumed necessary on count one, which did not indicate the age of the victim. In reality, however, Ohio law provides that a prison term is mandatory for "[a]ny rape, regardless of whether force was involved and regardless of the age of the victim[.]" R.C. 2929.13(F)(2).